**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **TYLER TEDROW,** on behalf of himself, | |
| Plaintiff, | |
| **v.** | |
| | **Case No. _____** |
| **NVR, INC. d/b/a "Ryan Homes"**, | |
| Defendant. | **Jury Demanded** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TYLER TEDROW, on behalf of himself, through his undersigned counsel, sues the Defendant, NVR, INC. d/b/a "Ryan Homes" (hereinafter "Ryan Homes"), and alleges:

### Nature of the Case

1.      Plaintiff was an employee of Defendant and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### Parties

2.      At all material times relevant to this Complaint, Defendant, Ryan Homes, is/was a Virginia Corporation that operated and conducted business in Horry County, South Carolina.

3.      Ryan Homes operates as a homebuilder.

4.      At all material times, Ryan Homes was constructing a townhome community called "Forestbook Townhomes," located at 132 Villa Grande St, Myrtle Beach, SC 29579, where Plaintiff worked.

5.      Plaintiff was an employee of Ryan Homes.

6.      Plaintiff worked for Ryan Homes from around June 2022 to March 2023 as a

Production Supervisor.

## **Jurisdiction and Venue**

7.      The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

8.      Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9.      All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## **General Factual Allegations**

10.      Ryan Homes prides itself on being "one of the top five homebuilders in the nation." *See* https://www.ryanhomes.com/about-ryan-homes (last accessed Dec. 12, 2023).

11.      At all material times, Ryan Homes is/was an enterprise subject to the FLSA's provisions on minimum and overtime wages.

12.      At all material times, Ryan Homes is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

      a.   Engaged in commerce; or

      b.   Engaged in the production of goods for commerce; or

      c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. office supplies and construction materials and supplies).

13.    At all material times, Ryan Homes has had two or more employees who routinely ordered materials or supplies, such as office supplies and construction materials and supplies, from out of state vendors.

14.    At all material times, Ryan Homes has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15.    Plaintiff individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as he ordered construction materials and supplies from out of state vendors.

16.    At all material times, Plaintiff was considered an employee of Ryan Homes.

### Overtime Violations

17.    At all material times, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

18.    At all material times, Ryan Homes failed to comply with the FLSA by failing to pay Plaintiff full and complete overtime wages for all overtime hours worked.

19.    Ryan Homes paid Plaintiff a salary of $65,000 per year that was increased to $67,000 per year after he completed the Production Training Program.

20.    Plaintiff was at all times a non-exempt employee and did not meet any exemptions under the FLSA.

21.    Plaintiff regularly worked over forty-hours per week but was not paid anything in addition to his salary for overtime work performed.

22.    Plaintiff's managers would require him to report only eight (8) hours per day on his timesheet, and whenever he worked overtime, his managers required him to edit his timesheet to reflect only eight (8) hours worked.

23.     As a result of the above policies, Ryan Homes failed to pay Plaintiff complete and proper overtime compensation for overtime hours worked in violation of the FLSA.

24.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

25.     Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

26.     All conditions precedent to this action have been performed or waived.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

27.     Paragraphs one (1) through twenty-six (26) above are fully re-alleged and incorporated herein.

28.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29.     During his employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

30.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31.     Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

32.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to

liquidated damages.

33.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  January 12, 2024                **MORGAN & MORGAN, LLC**

s/Joseph S. Sandefur
Joseph S. Sandefur, Esquire - SC Bar # 75310
11915 Plaza Drive, Suite 301
Post Office Box 3530
Murrells Inlet, South Carolina 29576
Tel: (843) 973-5196
Fax:  (843) 973-5221
jsandefur@forthepeople.com

-and-

C. Ryan Morgan, Esq. *(pro hac vice forthcoming)*
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorneys for Plaintiff*